# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 3, 2010

## JAMES IVY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 00-06797      James M. Lammey, Judge**

---

**No. W2010-00152-CCA-R3-CO  - Filed October 5, 2010**

---

The petitioner, James Ivy, appeals from the denial of his petition for writ of error coram nobis. In this appeal, the petitioner contends that he is entitled to coram nobis relief on the basis that his 1996 guilty-pleaded conviction of burglary and his 2000 guilty-pleaded convictions of burglary and vandalism were not voluntarily entered. Because the writ of error coram nobis is not available to a guilty-pleading petitioner and because the petition in this case is time-barred, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and J.C MCLIN, JJ., joined.

James Ivy, Edgefield, South Carolina, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

On November 23, 2009, the petitioner filed a petition for writ of error coram nobis challenging his 2000 guilty-pleaded convictions of burglary and vandalism and his 1996 guilty-pleaded conviction of burglary on grounds that his counsel coerced him to enter the guilty pleas. The petitioner, incarcerated in South Carolina under a federal conviction of being a felon in possession of a firearm, was aggrieved that the challenged convictions had been used to enhance his federal sentence. Finding that the statute of limitations had expired, that the petitioner had failed to allege a due process tolling of the statute of limitations, and that the petitioner had failed to state cognizable grounds for coram nobis relief, the coram nobis court denied relief on December 18, 2009. The petitioner filed a timely notice of

appeal.

In this appeal, the petitioner contends that he is entitled to coram nobis relief because "he was coerced by his attorney to a guilty plea of burglary on an offense that's nothing more than a mis[demeanor]." The State asserts that the petitioner's claim is barred by the statute of limitations and that, in the alternative, he has failed to establish a cognizable claim for coram nobis relief. We agree with the State.

Initially, this court has previously noted that "the plain language of the coram nobis statute and its historical use belie its application to a guilty-pleaded conviction." *Arthur Stamey, III, v. State*, No. E2009-00996-CCA-R3-CD, slip op. at 8 (Tenn. Crim. App., Knoxville, Feb. 11, 2010). We explained:

> The statute's repeated reference to matters litigated "at the trial" and its reference to "evidence" appear to limit its application to those cases that actually proceeded to trial. This conclusion is bolstered by our supreme court's command to test any "newly discovered evidence" proffered by the coram nobis petitioner "in the context of the trial, to assess its veracity and its impact upon the testimony of the other witnesses, and to determine the potential effect, if any, on the outcome." When there has been a guilty plea, there exists no evidence against which the petitioner's proffered evidence may be considered. The petitioner, by virtue of his guilty plea, has admitted both his guilt and the version of the facts as tendered by the State.

*Id.* (citations omitted). Thus, the writ of error coram nobis is not available to the petitioner in this case.

Moreover, the record establishes that petitioner's claims are barred by the statute of limitations and that principles of due process do not require the tolling of the statute of limitations in this case. "The writ of error coram nobis may be had within one (1) year after the judgment becomes final by petition presented to the judge at chambers or in open court, who may order it to operate as a supersedeas or not." T.C.A. § 27-7-103 (2000); *see State v. Mixon*, 983 S.W.2d 661, 670 (1999) (holding that a petition for writ of error coram nobis is untimely unless it is brought within one year of the entry of the trial court's "final," or last, order; the time for filing is not extended by the pursuit of a timely direct appeal). Principles of due process of law, however, may preclude the use of the statute of limitations to bar a claim in coram nobis. *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001). "'[B]efore a state may terminate a claim for failure to comply with procedural requirements

such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.'" *Id.* at 102 (quoting *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992)). Thus, principles of due process may intercede when, "under the circumstances of a particular case, application of the statute [of limitations] may not afford a reasonable opportunity to have the claimed issue heard and decided." *Burford*, 845 S.W.2d at 208. Here, the petitioner filed his petition for writ of coram nobis more than ten years after his 1996 conviction of burglary and eight years after his 2000 convictions of burglary and vandalism. Because the petitioner does not even allege circumstances that would support a due process tolling of the statute of limitations, the coram nobis court did not err by summarily dismissing the petition.

Accordingly, the judgment of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE